Manuel Jesús GARAY, Appellant,

v.

STATE of Alaska, Appellee.

No. A–7902.

Court of Appeals of Alaska.

Aug. 30, 2002.

Rehearing Denied Sept. 13, 2002.

Rex Lamont Butler, Anchorage, for Appellant.

Nancy R. Simel, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

In this case, a defense attorney failed to read all of the material that had been disclosed to him by the State. As a consequence, the defendant accepted a plea bargain—entered a plea of no contest to a

reduced charge—without full knowledge of the evidence in the case. The overlooked evidence was significant enough that it might reasonably have affected the defense attorney's advice to the defendant or might reasonably have affected the defendant's decision to accept or reject the plea bargain. For this reason, we hold that the defendant should be allowed to withdraw his plea.

In late 1998, Manuel Jesús Garay was indicted for first-degree sexual assault. The Public Defender Agency was appointed to represent him. In early February 1999, Assistant Public Defender Craig S. Howard negotiated a plea agreement with the State on Garay's behalf. Under the terms of this agreement, Garay would plead no contest to a reduced charge of second-degree sexual assault.

Although Garay continued to assert his innocence, Howard urged Garay to accept this agreement: the State's case appeared strong, and Garay faced a presumptive term of 25 years' imprisonment if he was convicted of first-degree sexual assault. (Garay was a third felony offender.)[1] On February 11th, Garay ultimately decided to accept the agreement, and his change of plea was calendared for February 17th. But in the meantime, the district attorney's office received an additional police report and witness interviews concerning Garay's case.

The alleged victim of the sexual assault was a woman named D.H. The police had interviewed D.H.'s daughter and one of D.H.'s former boyfriends. D.H.'s daughter told the police that her mother "has a long history of falsely accusing people of ... rape when she is drunk", that her mother often lied and/or hallucinated when she drank or took drugs, and that her mother was vengeful and not trustworthy. D.H.'s former boyfriend told the police that D.H. would drink "to absolute oblivion" and that she becomes

"violent and sexually aggressive" when she is drunk.

Assistant District Attorney Donald R. Kitchen read these materials on February 10th or 11th. He was aware that Garay was negotiating a plea bargain with the State, and he understood the potential significance of this new information. For this reason, Kitchen immediately sent copies of the police report and the witness statements to Garay's attorney so that the defense attorney would have this information before Garay changed his plea. The documents were received by the Public Defender Agency on February 12th, but Garay's attorney neglected to read them. Five days later, on February 17th, Garay went to court and entered his negotiated plea.

That summer, Garay obtained a new attorney. After the new attorney discovered the police report and witness interviews in the Public Defender Agency's file, Garay asked the superior court to allow him to withdraw his plea. Garay argued that Howard's failure to read the police report and witness interviews constituted ineffective assistance of counsel. The superior court agreed with Garay that "Mr. Howard's failure to review the [police report and witness statements] ... amounted to ineffective assistance [of counsel]", but the court concluded that Garay had failed to show any resulting prejudice. For this reason, the court refused to allow Garay to withdraw his plea. Garay now appeals the superior court's decision.

A defendant is entitled to withdraw a previous plea of guilty or no contest if the defendant proves that they received ineffective assistance from the attorney who counseled them to enter the plea.[2] If an attorney is to competently represent a criminal defendant during plea negotiations, the attorney must be familiar with the facts of the case.[3]

1. *See* AS 12.55.125(i)(4).

2. *See* Alaska Criminal Rule 11(h)(2) ("Before sentencing, the trial court shall allow a defendant to withdraw a plea whenever the defendant, upon timely motion, proves that withdrawal is necessary to correct manifest injustice.") *and* Alaska Criminal Rule 11(h)(4)(A) (defining "manifest in-

justice" as including instances where "[t]he defendant was denied the effective assistance of counsel").

3. *See Arnold v. State*, 685 P.2d 1261, 1265 (Alaska App.1984).

This Court has acknowledged that a defense attorney's investigation of the case need not be perfect or exhaustive:

> [G]iven an unrestricted budget and freed of any constraints as to probable materiality or accountability, a lawyer might ... cheerfully log[ ] in many hours looking for the legal equivalent of a needle in a haystack. ... [A] millionaire might retain[ ] counsel to leave not a single stone unturned. However, a defendant is not entitled to perfection but to basic fairness. In the real [world], expenditure of time and effort is dependent on a reasonable indication of materiality.

*State v. Jones*, 759 P.2d 558, 572 (Alaska App.1988).[4]

■ But in Garay's case, the issue is not Howard's failure to track down every conceivable witness or hire experts to subject the physical evidence to every conceivable scientific analysis. Rather, the issue is Howard's failure to read documents that were delivered to his in-basket. We agree with the superior court that this amounted to ineffective assistance of counsel.

■ But Howard's failure to read the police report and the witness interviews does not, standing alone, entitle Garay to withdraw his plea. As explained by our supreme court in *Risher v. State*, a claim of ineffective assistance of counsel rests on two assertions: first, the defendant must prove that their attorney failed to give them legal assistance within the range of competence expected from criminal law practitioners; and second, the defendant must show that there is a reasonable possibility that the attorney's lack of competence affected the outcome of the proceedings against the defendant.[5]

In Garay's case, the superior court refused to allow Garay to withdraw his plea because the court concluded that Garay had not been prejudiced by Howard's neglect of his case. Here, we part company with the superior court.

It is true that, even without the additional material, there were ways for a defense attorney to attack D.H.'s credibility. As the superior court noted in its decision, D.H. had a "history of criminal charges relating to assault, domestic violence, and theft or dishonesty", and it was also "apparent [that she] had an enormous alcohol problem". But the police report and the witness statements were no mere rehash of this information. According to D.H.'s daughter and D.H.'s former boyfriend, D.H. had a history of lying, of sexual aggression, and of falsely accusing men of rape when she was drunk. This information—both the alleged facts and their source—constituted a new and significant potential avenue of defense for Garay.

■ The issue is not whether this new information would have led to Garay's acquittal if he had gone to trial. Nor is the issue whether Garay might still have decided to accept the State's offer even after he was apprised of this new information. Instead, the issue is whether there is a reasonable possibility that this information would have *affected* Garay's decision to accept or reject the plea bargain. We clarified this point of law in *Arnold v. State*, another case in which a defendant sought to withdraw a plea based on proof that their attorney had failed to adequately investigate the case before counseling the defendant to plead guilty:

> Had [the defense attorney] fully understood the facts and the applicable law, he may still have advised Arnold to plead no contest. He may not have found anything in the police reports that would have enabled him to challenge the indictment or obtain a more favorable disposition. Indeed, had he looked at the reports and listened to the grand jury testimony, he might have concluded that his client's decision to plead no contest was the only realistic course of action. The point is that [the defense attorney] was obligated to do more than he did[,] regardless of the outcome. Without a fuller understanding of the facts and law, [the attorney] could not meaningfully advise Arnold regarding the case against him. Without such meaningful advice, Arnold could not give an informed consent to a plea of no contest.

---

4. Quoting *United States v. Decoster*, 624 F.2d 196, 211 (D.C.Cir.1976) (*en banc*).

5. *Risher*, 523 P.2d 421, 424–25 (Alaska 1974).

Consequently, we conclude that the two prongs of the *Risher* test are satisfied. The first prong, ineffective performance, is established by [the defense attorney's] failure to adequately inform himself regarding the relevant facts and the law. Arnold's resulting inability to knowingly and intelligently evaluate his situation and enter an informed plea establishes prejudice and therefore satisfies the second prong.

*Arnold,* 685 P.2d 1261, 1267 (Alaska App. 1984).

We reach the same conclusion in Garay's case. The information in the police report and the witness interviews was a significant addition to the information available to the defense. It is possible that some of this new information may ultimately turn out to be inadmissible at trial. It is also possible that, even now, Garay may ultimately decide that it is better to enter a negotiated plea than to risk being convicted of first-degree sexual assault at trial. But, as we clarified in *Arnold,* the question is whether there is a reasonable possibility that this new information would have affected Howard's advice to Garay or Garay's evaluation of his situation and his decision to accept or reject the State's offer.

According to Howard, Garay always maintained that he was innocent of the charges, and one of the primary reasons Garay accepted the plea bargain was to avoid risking the 25-year presumptive term that would await him if he went to trial and was convicted of first-degree sexual assault. The new information in the police report and accompanying witness interviews augmented the defense case significantly. Under these circumstances, there is at least a reasonable possibility that this new information would have altered Howard's advice to Garay or would have affected Garay's decision to accept or reject the plea bargain. We therefore find that Garay proved both prongs of the *Risher* test—and that he therefore established the "manifest injustice" that is required under Alaska Criminal Rule 11(h)(2) to allow him to withdraw his plea.

The decision of the superior court is REVERSED. The superior court is directed to allow Garay to withdraw his plea. Proceedings will then recommence on the original indictment.

